IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIAM GARRY SNOWDEN, #65201**                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:06-cv-677-TSL-JCS**

**PHILIP WEINBERG and HINDS COUNTY**
**DISTRICT ATTORNEY'S OFFICE**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff Snowden is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Marshall County Correctional Facility, Holly Springs, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Philip Weinberg, Assistant District Attorney for Hinds County; and the Hinds County District Attorney's Office. The plaintiff seeks monetary damages as relief.

The plaintiff was ordered to file a written response to provide specific information to the court. On April 4, 2007, the plaintiff filed his response [15]. Upon liberal review of the complaint and response, the court has reached the following conclusions.

Background

The plaintiff was convicted of kidnapping in the Circuit Court of the First Judicial District of Hinds County, Mississippi on January 23, 2004. The plaintiff was sentenced to serve thirty-years in the custody of MDOC, with twenty-two years suspended, followed by five years of supervised probation. At some point the plaintiff was released from incarceration; thereafter, he was "brought to the Hinds County Detention Center for a single charge

misdemeanor probation violation." *Comp. [1]*, p.4. On June 27, 2006, Circuit Court Judge Hilburn entered an order revoking the plaintiff's suspended sentence for a term of seven years. *See State v. Snowden*, cause no. 95-1-497-02, *Order of Revocation of Suspended Sentence*, attached to plaintiff's response [15].[1] The plaintiff complains that defendant Weinberg, as assistant district attorney, was carrying out a "personal vendetta" when he handled the plaintiff's revocation resulting in the plaintiff's current imprisonment. The plaintiff claims that defendant Weinberg routinely recommends "people with felony probation violations to get 1 year or 2 or less." *Comp. [1]*, p.5. The plaintiff alleges that he was unable to prove his innocence because of defendant Weinberg's actions, essentially resulting in the imposition of a seven-year term of incarceration for a misdemeanor. As relief in this action, the plaintiff requests that he be awarded four million dollars in damages. *Id.*

## Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

---

[1] The order concludes that plaintiff "materially violated the terms of his suspended sentence in the following manner: New Crime."

allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted the plaintiff to proceed *in forma pauperis* in this action. Thus, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

The plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the court were to find in the plaintiff's favor and determine that his suspended sentence was illegally revoked, it would necessarily imply the invalidity of his current sentence and imprisonment. In addition, the plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id* at 2372.[2] Therefore, the court has determined that the plaintiff's claims are barred by *Heck*, at this time. As such, this complaint will be dismissed.

Even though the plaintiff's complaint and request for monetary damages are being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)).

Absolute immunity extends to prosecutors who are performing prosecutorial acts. *Imbler*

---

[2]In the plaintiff's complaint he states that he has "appealed to the Mississippi Supreme Court" and the online docket of the court shows an appeal filed from trial court case number 95-1- 497 on July 6, 2006, and assigned cause number 2006-TS-01603-COA. In addition, this court's order for a written response specifically directed the plaintiff to state if the complained of convictions and/or sentences had been invalidated by any of these means.

*v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches*."  Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).  The plaintiff does not provide any facts to establish that defendant Weinberg was performing acts other than those directly related to prosecuting the criminal case against the plaintiff.  Therefore, defendant Weinberg is entitled to absolute immunity from this suit.  *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)(citations omitted)(prosecutorial immunity is broad and has been found to apply even if the prosecutor is accused of knowingly using perjured testimony, malicious prosecution or conspiracy).

## Conclusion

As discussed above, the plaintiff's claims are barred by *Heck v. Humphrey* and defendant Weinberg is entitled to absolute immunity from this suit.  As such, this action will be dismissed, with prejudice,[3] pursuant to 28 U.S.C. § 1915(e)(2)(i) and (ii).

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[4]  If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

---

[3] *See Boyd v. Biggers*, 31 F.3d at 285 (claims covered by prosecutor's absolute immunity are properly dismissed with prejudice as frivolous).

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the  23rd    day of April, 2007.


          /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE